UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
BRITISH MARINE PLC,

                              Plaintiff,

                    -against-

AAVANTI SHIPPING & CHARTERING LTD.
(a/k/a AAVANTI CHARTERING LIMITED),
ANIK INDUSTRIES, LTD. (f/k/a MADHYA
PRADESH GLYCHEM INDUSTRIES LTD.),
and RUCHI SOYA INDUSTRIES LTD.

                              Defendants.
-------------------------------------------------------------------------x

Case No.: 13-cv-00839 (BMC)
ECF Case

**Oral Argument Requested**

**ORDER TO SHOW CAUSE TO HOLD GARNISHEE IN CONTEMPT AND FOR RELATED RELIEF**

      Upon this Court's Order entered July 8, 2013, by docket entry of that date with reference to Docket No. 25, authorizing Plaintiff British Marine PLC to "submit an Order to Show Cause for Contempt and Other Relief," the declaration of Alan Van Praag dated August 20, 2013 and the exhibits annexed thereto, the declaration of Edward W. Floyd dated August 20, 2013 and the exhibit annexed thereto, the accompanying memorandum of law in support of this motion to hold Garnishee Wego Chemical & Mineral Corp. ("Wego" or the "Garnishee") in contempt of court and for related relief, and all prior pleadings and proceedings had herein; it is hereby

      ORDERED, that Garnishee Wego show cause before this Court at a hearing in Courtroom 8 D S, United States Courthouse, 225 Cadman Plaza East, Brooklyn New York on _____ \_\_, 2013, at 9:30 a.m., or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to 18 U.S.C. §401(3), the inherent authority of this Court, Local Civil Rule 83.6, Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and such other laws and rules as may apply:

(a) Holding Wego liable for civil contempt for violating the Court's Order for Issuance of Process of Maritime Attachment and Garnishment dated February 20, 2013 (Dkt. No. 7) (the "Attachment Order")

(1) by paying to Defendant Ruchi Soya Industries Ltd. ("Ruchi") out of the jurisdiction debts attached by the Attachment Order;

(2) by answering falsely the initial interrogatories ("Initial Interrogatories") served with the Attachment Order and the Process of Maritime Attachment and Garnishment ("PMAG") under Rule B(3)(a); and

(3) by intentionally failing to comply with the terms of the Attachment Order by not answering the Initial Interrogatories under oath as required by Rule B(3)(a);

(b) Directing Wego to pay into the registry of the Court the amount of $116,870.00 which is the amount that has been shown to date to have been paid to Defendant Ruchi after having been attached;

(c) Compelling Wego to re-serve its answers, this time, under oath, to the Initial Interrogatories and to the First Supplemental interrogatories dated April 10, 2013 and served on or about April 11, 2013;

(d) Making an evidentiary finding by adverse inference deeming payment to have been made by Wego to Ruchi for the shipment on January 29, 2013 totaling $29,217.50 and requiring payment of that amount into the registry of the Court; or, alternatively, authorizing further discovery regarding the January 29, 2013 shipment and directing Wego to respond to such further discovery requests as Plaintiff may serve

including, but not limited to, answering under oath the previously served Second Supplemental Interrogatories served on May 15, 2013;

(e) Ordering Wego to respond to such discovery requests as Plaintiff may serve regarding the purchase orders dated April 9 and 16, 2013 which total $56,807.50, including answering under oath the Second Supplemental Interrogatories;

(f) Awarding to Plaintiff the costs of this motion and such other costs as were incurred by Plaintiff due to Wego's contempt; and

(g) Awarding such other and further relief as the Court may deem appropriate and such other sanctions as the Court may deem appropriate including finding Wego to be in criminal contempt of the Court and ordering such further sanctions in relation thereto as may be appropriate in the Court's judgment.

and it is further

ORDERED that Garnishee Wego's responsive papers to this application shall be served by filing with this Court's ECF system no later than __ p.m. _____ __, 2013, or, if that is not possible, then by said date and time, by email to avanpraag@evw.com and by post to the attorneys for Plaintiff, Eaton & Van Winkle LLP, 3 Park Avenue, 16th Floor, New York, New York 10016, and Plaintiff's reply papers shall be filed with the Court's ECF system and, if the permitted alternate service was used for the responsive papers, then also by like method, no later than _____ __, 2013; and it is further

---------------------------------------[continued on next page]-----------------------------------------

3

ORDERED that Plaintiff shall serve and file a copy of this Order and supporting papers upon Wego by personal delivery and filed through this Court's ECF system no later than __ p.m., on _____ __, 2013, which shall constitute due and sufficient service and notice thereof.

Dated: Brooklyn, New York
       August __, 2013

                                            _____
                                            Honorable Brian M. Cogan
                                            United States District Judge